IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| CLARK DERRICK FRAZIER, | ) | |
| Petitioner, | ) ) ) | |
|  | ) | Case No. 3:10-cv-00114 |
| v. | ) | Judge Echols/Brown |
|  | ) | |
| CHERRY LINDAMOOD, Warden, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This action was referred to the Magistrate Judge on February 15, 2010 for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.P. (Docket Entry 20). Currently pending before the Magistrate Judge is Respondent's Motion to Dismiss (Docket Entry 9) and Petitioner's Motion for Partial Summary Judgment (Docket Entry 27) and Motion for Summary Judgment (Docket Entry 34). The undersigned has also reviewed the expanded record. (Docket Entry 10). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, the Petition be **DENIED** and this matter be **DISMISSED**. The Magistrate Judge also **RECOMMENDS** that Petitioner's Motions for Summary Judgment also be **DISMISSED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

The Petitioner, proceeding *pro se*, is an inmate of the State of Tennessee currently incarcerated at Morgan County Correctional Complex in Wartburg, Tennessee. At the time his Petition was filed, he was incarcerated at South Central Correctional Facility in Clifton,

1

Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the South Central Correctional Facility, seeking a writ of habeas corpus.

Petitioner was indicted for first degree premeditated murder and for first degree felony murder in Robertson County. (Docket Entry 10-1, p. 2). On March 9, 2007, he pled guilty to second degree murder and, pursuant to the plea agreement, was sentenced to twenty-five (25) years as a Range I, standard offender. *Id.* Petitioner's plea became final on April 8, 2007. Petitioner filed a motion to withdraw his guilty plea on May 10, 2007, which he withdrew on September 14, 2007 on the advice of counsel. (Docket Entry 44).

Petitioner filed a petition for state post-conviction relief on January 18, 2008. His petition was denied by the trial court. Petitioner appealed the trial court's decision to the Court of Criminal Appeals, which denied his appeal on May 5, 2009. (Docket Entry 10-1). Petitioner's permission to appeal to the Tennessee Supreme Court was denied on August 31, 2009. (Docket Entry 10-2).

Petitioner initiated this action with the filing of a habeas corpus petition on January 26, 2010.[1] (Docket Entry 1). Petitioner presents the following claims for relief:

>    1. Petitioner's guilty plea was unlawfully induced because his trial attorneys coerced him into a guilty plea and failed to explain the seriousness of the charges.
>
>    2. Petitioner's conviction was based on the use of a coerced statement.
>
>    3. Petitioner's conviction was based on the use of evidence obtained as a result of an unconstitutional search and seizure.
>
>    4. Petitioner was denied the effective assistance of counsel when counsel

---

[1] January 26, 2010 is the date the Petition was delivered to the prison mailing system and is deemed the filing date pursuant to *Houston v. Lack*, 487 U.S. 266, 271-72 (1988).

>           failed to investigate and prepare for the second preliminary hearing and
>           failed to produce a witness who would corroborate Petitioner's defense.
>
>     5.    Petitioner's constitutional rights were violated when the state failed to
>           comply with a court order to preserve exculpatory evidence.

In response to the Court's Order (Docket Entry 4), Respondent has filed a Motion to Dismiss the Petition. (Docket Entry 9). Petitioner has filed two Motions for Summary Judgment (Docket Entries 27, 34), as well as several Responses and Replies to Respondent's Motion to Dismiss. (Docket Entries 15, 18, 42, 44, 45).

Having reviewed the Petition, the Respondent's Motion to Dismiss and the Petitioner's Response, it does not appear that an evidentiary hearing is needed in this matter. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies a one-year state of limitations to all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which any impediment to filing the application was removed by the state; (3) the date on which a newly constitutional right was created and made retroactive to cases on collateral review; or (4) the date on which the predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). A conviction becomes final under § 2244 when direct review concludes, not when the petitioner has exhausted all his state remedies. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). This statute of limitations is an affirmative defense,

which was raised by the Respondent in her Motion to Dismiss. *See Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002). (Docket Entry 9).

Respondent argues that Petitioner's claim is untimely. Petitioner filed his petition on January 26, 2010. (Docket Entry 1). He pled guilty on March 9, 2007, and his conviction became final on April 8, 2007, thirty (30) days later. Petitioner filed an application for post-conviction relief on January 18, 2008, and the Tennessee Supreme Court denied review of his post-conviction proceedings on August 31, 2009. (Docket Entries 10-1, 10-2).

Pursuant to § 2244(d), the statute of limitations on Petitioner's habeas corpus claims began to run when his judgment became final, on April 8, 2007. When he filed for post-conviction relief, the limitation period was tolled. Thus, when Petitioner's application for post-conviction relief was filed on January 18, 2008, 282 days of his limitation period had elapsed, and 83 days remained. *See McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). When the Tennessee Supreme Court denied review on August 31, 2009, the clock began to run again. The limitations period thus elapsed on November 22, 2009.

Petitioner argues that, because he filed a motion to withdraw his guilty plea on May 10, 2007, which he withdrew on September 14, 2007, his petition is properly filed. (Docket Entry 44). Under § 2244(d)(2), the limitation period is tolled during the time which a properly filed application for state post-conviction relief is pending. A "properly filed" application is one that meets the applicable state rules governing filing. *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). Respondent argues that Petitioner's motion to withdraw his guilty plea was not "properly filed," because it was filed after Petitioner's judgment became final and was therefore untimely.

4

*See* Tenn. R. Crim. P. Rule 23(f)(2). Therefore, Petitioner's limitation period was not tolled from May 10, 2007 to September 14, 2007.

The Magistrate Judge believes Petitioner's petition was not timely filed. Although the state court did not determine whether Petitioner's motion to withdraw his guilty plea was properly filed, the Magistrate Judge believes Petitioner's motion was clearly untimely and therefore not "properly filed."[2] *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). A motion to withdraw a guilty plea must be filed before the judgment is final. *See* Tenn. R. Crim. P. 32(f). While the state court made no express ruling that the motion was untimely, because Petitioner withdrew the motion, the Magistrate Judge nevertheless believes the state procedural rules are clear, and the motion was therefore untimely. The Magistrate Judge therefore believes Respondent's calculation of the limitation period to be correct, and Petitioner's limitation period expired on November 22, 2009. Because the petition was filed on January 26, 2010, it is clearly untimely and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the Respondent's Motion to Dismiss be **GRANTED**, the Petition be **DENIED** and this matter be **DISMISSED**. The Magistrate Judge also **RECOMMENDS** that Petitioner's Motions for Summary Judgment also be **DISMISSED**.

---

[2] Moreover, Petitioner voluntarily withdrew the motion on September 14, 2007, effectively nullifying any tolling effect the motion would have had. In effect, it is as if Petitioner's motion was never filed. If a petitioner could toll the statute of limitations by simply filing motions and then withdrawing them, the one-year time limit in the AEDPA would be effectively nullified.

5

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 21st day of July, 2010.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge