UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CLARK DERRICK FRAZIER** ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:10-0114 |
| ] | Judge Trauger |
| **CHERRY LINDAMOOD, WARDEN** ] | |
|     Respondent. ] | |

## O R D E R

The Court has before it respondent's Motion to Dismiss (Docket Entry No. 9), petitioner's Motion for Partial Summary Judgment (Docket Entry No. 27), and petitioner's Motion for Summary Judgment (Docket Entry No. 34).

On July 21, 2010, the Magistrate Judge issued a Report and Recommendation (Docket Entry No. 47) in which he found that this action had not been filed in a timely manner. For that reason, the Magistrate Judge recommends that respondent's Motion to Dismiss be granted, petitioner's Motions for Summary Judgment be denied, and this action be dismissed. The petitioner has filed timely objections (Docket Entry No. 51) to the Report and Recommendation.

In his objections, the petitioner does not question the calculations that led to a finding of untimeliness. Rather, the petitioner claims that the Magistrate Judge failed to provide for a tolling of the limitation period during the time that his petition for withdrawal of guilty plea was pending in the state courts. More specifically, he asserts that the limitation period was tolled from May 10, 2007 through September 14, 2007. By taking into account this additional tolling period, the petitioner's federal habeas corpus petition would have been timely filed.

The one year limitation period for the filing of a federal habeas corpus petition is tolled during the time that a "properly filed" application for post-conviction or other collateral review is pending in the state courts. 28 U.S.C. § 2244(d)(2). To qualify as "properly filed", the petition for withdrawal of guilty plea must have been filed in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). In Tennessee, such a petition has to be filed before the judgment of conviction becomes final. Rule 32(f)(2), Tenn. R. Crim. P. In this case, the petitioner pled guilty on March 9, 2007. Having failed to file a direct appeal of the conviction, petitioner's conviction became final thirty (30) days later, or on April 8, 2007. Rule 4(a), Tenn. R. App. P. The petition to withdraw guilty plea was filed on May 10, 2007, after his judgment of conviction had already become final. Thus, the petition for the withdrawal of guilty plea was not "properly filed".

Where a collateral proceeding is untimely filed under state law, it does not toll the statute of limitation. Pace, *supra* at 544 U.S. 413-414. Therefore, the Magistrate Judge acted correctly when he did not toll the limitation period during the time that the petition for the withdrawal of guilty plea was pending in the state courts.

The Court has reviewed the pleadings and the record *de novo* and finds that this action was not filed in a timely manner. Petitioner's objections, therefore, lack merit and are OVERRULED. The Report and Recommendation is ADOPTED and APPROVED in all respects. Accordingly, the petitioner's Motions for Summary Judgment are DENIED. Respondent's Motion to Dismiss is hereby GRANTED.

Should the petitioner file a timely Notice of Appeal from this order, such Notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c)(2), which will not issue because the petitioner is unable to make a substantial showing of the denial of a constitutional right.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge